UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SAMER HAMADEH and ALISON HARMELIN,

Plaintiffs,

25-cv-5401 (PKC)

-against-

ORDER

CENLAR FSB,

Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

On May 13, 2026, the Court filed an Opinion and Order that granted defendant's motion to dismiss claims brought under the federal Real Estate Settlement Procedures Act and the Fair Credit Reporting Act. (ECF 23.) Plaintiffs also brought a claim under section 349 of the New York General Business Law, and consistent with the reasoning of Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 82-84 (2d Cir. 2018), the Court invited the parties to file letter-briefs setting forth their views on whether it should exercise supplemental jurisdiction over this remaining state law claim. (ECF 23 at 12.) It directed plaintiffs to file a letter-brief by May 22, 2026 and defendant to respond by May 29, 2026. (Id.)

No party has made a submission regarding the exercise of supplemental jurisdiction, sought an extension of time to do so, or made any other application. Having received notice that the Court may decline to exercise supplemental jurisdiction over plaintiffs' state law claim, the parties have not availed themselves of the opportunity to be heard. The

Court will therefore decide the issue of supplemental jurisdiction without the benefit of the parties' views.

District courts "may decline to exercise supplemental jurisdiction over a claim" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts are instructed "that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (ellipsis omitted) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). The relevant factors are "the traditional 'values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Cohill, 484 U.S. at 350).

The Cohill factors weigh against the exercise of supplemental jurisdiction. Plaintiffs' federal statutory claims have been dismissed at an early stage of the proceedings. No party has claimed that any unfairness or inconvenience would occur if plaintiffs' General Business Law claim were to be litigated in a New York court. Judicial economy, convenience, fairness and comity weigh in favor of a New York tribunal adjudicating plaintiffs' claim brought under New York statute. Accordingly, the Court will decline to exercise its supplemental jurisdiction over the claim.

The Court declines to exercise supplemental jurisdiction over Count Three. The Clerk is respectfully directed to enter judgment for the defendant dismissing Count One and Count Two with prejudice, dismissing Count Three without prejudice and closing the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 15, 2026